Robert Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA
P.O. Box 557
401 N. Last Chance Gulch
Helena, MT 59624
(406) 442-3261
(406) 443-7294 Facsimile
rfolsen@mswdlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| ROBIN CLAUSEN,<br><br>Plaintiff,<br><br>v.<br><br>SKY FEDERAL CREDIT UNION; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX, INC.<br><br>Defendants | Cause No._____<br><br><br>**COMPLAINT AND JURY DEMAND** |

Comes now Robin Clausen, though counsel, and for his Complaint against Sky Federal Credit Union ("Sky FCU"); Experian Information Solutions, Inc. ("Experian"); and Equifax, Inc. ("Equifax"), states and alleges

## PARTIES

1. Mr. Clausen is a resident of Livingston, Park County, Montana.

2. Defendant Sky FCU is a not-for-profit financial cooperative serving counties in Montana, Idaho and Wyoming.

3. Defendant Experian Information Solutions, Inc., is a foreign corporation duly registered to do business in the State of Montana

4. Defendant Equifax, Inc., is a foreign corporation duly registered to do business in the State of Montana.

## JURISDICTION AND VENUE

5. Experian and Equifax are "consumer reporting agencies" as that term is defined by 15 U.S.C. § 1681a(f) of the Fair Credit Reporting Act. Sky FCU is a "furnisher" of information, as that term is used at 15 U.S.C. § 1681s-2. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Specifically, this Court has jurisdiction under 15 U.S.C. § 1681p. The Defendants are liable to the Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, *et seq*. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202. Defendants are also liable to the Plaintiff pursuant to the laws of the State of Montana, which claims may be brought under the pendant jurisdiction of this Court.

6. Venue is proper in the Billings Division, pursuant to Local Rule 3.2(b), and

§ 25-2-121, MCA in that the Plaintiff resides in, and the Defendants do business in the Billings Division.

**FACTS**

7. On or about December 9, 2019, Mr. Clausen filed a Chapter 13 Bankruptcy in the U.S. Bankruptcy Court for the District of Montana, Cause No. 19-61214.

8. In his Petition, he identified Sky Federal Credit Union as a secured creditor, with automobile loans secured by his 2012 Mazda and 2010 Hyundai Tucson. He also listed Sky FCU as the holder of six other unsecured claims.

9. At the time, Sky FCU was furnishing information to the credit reporting agencies. Relevant here, Sky FCU furnished, and credit reports showed, information that Mr. Clausen was current on his debts to Sky FCU.

10. On or about December 9, 2019, Mr. Clausen filed his Chapter 13 Plan, which provided for payments on the debts secured by the Mazda and Tucson. The plan valued the Tucson at $2,051.

11. Based on the proposed plan, Mr. Clausen made his first plan payment on or about December 26, 2019.

12. On or about January 25, 2020, the Chapter 13 Plan was confirmed.

13. Subsequent to Plan confirmation, Mr. Clausen continued making his payments in a timely fashion, and turned over his portion of his joint tax refund as required under the Plan.

14. On or about March 15, 2020, Mr. Clausen was involved in a single car accident in the Tucson. Mr. Clausen's insurance deemed the car totaled and valued the loss at $3,476.00.

15. On or about April 8, 2020, the Chapter 13 Standing Trustee, Sky FCU and Mr. Clausen stipulated that the payments would pay Sky FCU's claim that was secured by the Tucson in the amount of $2,051 with the remainder going to the trustee and as additional plan payments. Based on the stipulation, Sky FCU's claim was considered paid under the plan.

16. After the accident, Mr. Clausen has continued to make his plan payments as required under the confirmed Chapter 13 Plan. Put another way, since about December 9, 2019, Mr. Clausen has made all of his Chapter 13 plan payments, and has paid off the Tucson as required under the confirmed Plan.

17. Despite Mr. Clausen's timely payments, Sky FCU started advising Experian, Equifax, and TransUnion, LLC, (the "CRAs") that Mr. Clause was delinquent on his Mazda and Tucson payments, as well as his two other unsecured revolving accounts.

18. These delinquencies began showing up on Mr. Clausen's credit reports with Equifax, Experian, and Trans Union, in March 2020. On information and belief, each of the CRAs reported Mr. Clausen as 30 days delinquent in March 2020, 60 days delinquent in April 2020, 90 days delinquent in May 2020, 120 days

delinquent in June 2020, and as negative in July 2020. In addition to the inaccurate payment histories, the reports also indicated that the accounts were "charged off" and provided no indication they were included in the bankruptcy.

19. Based on this negative reporting, Mr. Clausen, through counsel, advised Sky FCU that the post-petition negative reporting was inaccurate and may violate the automatic stay. Mr. Clausen also requested that the information furnished the CRAs be corrected.

20. Sky FCU did not update the information it provided to the CRAs or correct the reporting.

21. Thereafter, on or about August 11, 2020, Mr. Clausen disputed the accuracy of his credit reports with the CRAs. In the disputes, Mr. Clausen identified the relevant accounts and requested that the payment histories be corrected, and that the account status note the accounts were included in bankruptcy.

22. Mr. Clausen included the relevant portions of his bankruptcy petitions and schedules showing the included Sky FCU accounts. He also included his Plan payment history.

23. In response, TransUnion updated the accounts to reflect the correct information.

24. Both Equifax and Experian reinvestigated the dispute, by contacting Sky FCU.

25. Sky FCU verified the information as accurate, and Experian and Equifax did not update their respective reports, even though the errors were clear based on the petition and payment history provided by Mr. Clausen.

26. As a result of the errors, and failure to fix the credit reports, Mr. Clausen suffered damages, including, but not limited to emotional distress associated with the inaccurate reports hindering his new start, and lost time trying to fix the errors.

27. In particular, the negative credit reporting has limited Mr. Clausen's ability to find an apartment.

28. Further, the negative reporting, and failure to note the accounts were included in bankruptcy also hurt is credit reputation.

**CAUSE OF ACTION AGAINST EQUIFAX AND EXPERIAN**

**COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT**

29. The preceding paragraphs are realleged as though set forth in full hereunder.

30. Defendants Equifax and Experian violated 15 U.S.C. § 1681i of the Fair Credit Reporting Act by negligently and/or willfully failing to perform a reasonable investigation of the Plaintiff's disputes of the inaccurate Sky FCU reporting on his credit reports, despite abundant proof provided by Plaintiff accompanying the dispute correspondence.

31. Equifax and Experian have also willfully and/or negligently violated 15 U.S.C. § 1681e (b) of the Fair Credit Reporting Act by failing to maintain

reasonable procedures to assure maximum possible accuracy of the credit reports that they generated regarding the Plaintiff.

32. Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, Equifax and Experian's actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery for his actual damages as well as attorneys' fees and costs.

33. In addition, Equifax and Experian's actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

34. Equifax and Experian also maliciously and/or willfully defamed the Plaintiff by its continued publications of the erroneous and derogatory information to third parties after it knew or should have known that Sky FCU was incorrectly reporting the debt.

35. Equifax and Experian's actions and omissions are evidence of its recklessness, gross negligence, and wanton disregard for the Plaintiff's rights, personal and financial safety, credit reputation and good name, as well as his emotional well-being.

## CAUSES OF ACTION AGAINST SKY FCU

### COUNT II – VIOLATION OF THE FAIR CREDIT REPORTING ACT

36. The preceding paragraphs are realleged as though set forth in full hereunder.

37. After receiving a consumer dispute from a consumer reporting agency, a

creditor or furnisher of information must conduct a reasonable investigation into the matters disputed, and correct the reports made to credit reporting agencies to ensure that the information on the consumer's report is accurate. 15 U.S.C. § 1681s(2)(B).

38. Following disputes by the Plaintiff, Equifax, Experian and TransUnion conveyed the disputes to Sky FCU by computer or otherwise. Sky FCU failed to conduct a reasonable reinvestigation of the Plaintiff's account, failed to change its reports, and continued to inaccurately report the Sky FCU account. The outcome of all correspondence and conversations was the same; Sky FCU failed to change its reports, and continued to inaccurately report the Sky FCU debt.

39. Sky FCU is liable to the Plaintiff for damages and attorney fees under 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Clausen prays for Judgment against Defendants as follows:

1. For actual damages;

2. For attorneys' fees and costs, pursuant to 15 U.S.C. 1681n and 1681o,

3. For punitive damages, pursuant to 15 U.S.C. 1681n

4. For any applicable statutory damages; and,

5. For such other and further relief as may be just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to F. R. Civ. P 38, Plaintiff hereby demands a jury by trial.

DATED this 12th day of November, 2020.

                        MORRISON, SHERWOOD, WILSON & DEOLA


                By   /s/ Robert Farris-Olsen
                    Robert Farris-Olsen
                    *Attorney for Plaintiff*